UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ROBERT THOMPSON #2382**          **CIVIL ACTION**

**VERSUS**                         **NO. 09-4465**

**ST. BERNARD PARISH COURT, ET AL.**   **SECTION "C" (1)**

## REPORT AND RECOMMENDATION

Plaintiff, Robert Thompson, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against the "St. Bernard Parish Court" and Judge Kirk A. Vaughn of Division D of the Louisiana Thirty-Fourth Judicial District Court for the Parish of St. Bernard. Plaintiff filed the action in the United States District Court for the Middle District of Louisiana; however, it was transferred to this Court on July 21, 2009.[1]

Plaintiff is known to this Court. For example, the Court takes judicial notice of the fact that plaintiff previously filed two *habeas corpus* petitions which were dismissed without prejudice due to his failure to exhaust his state court remedies. Thompson v. Louisiana, Civ. Action No. 02-3204 (E.D. La. May 12, 2003); Thompson v. Thompson, Civ. Action No. 00-2671 (E.D. La. May 14,

---

[1]   Rec. Doc. 4.

2001).[2] A review of the records in those proceedings reveals that, on April 14, 1993, plaintiff was found not guilty by reason of insanity of one count of unauthorized entry of an inhabited dwelling and one count of attempted second degree murder, and he was committed to a state mental institution for custody, care, and treatment in accordance with La.C.Cr.P. art. 654.[3] He currently remains confined under an order of commitment.

After his unsuccessful prior efforts to gain his release under 28 U.S.C. § 2254, plaintiff has changed his strategy and now seeks relief by filing the instant complaint pursuant to 42 U.S.C. § 1983. In this complaint, plaintiff states his claim as follows:

> Change Of Venue, Release Or Discharge, No Probation, No Stipulations. I Am Not Guilty By Reason Of Insanity I Told My Psychiatrist That I Am Not Trying To

---

[2] "A court may take judicial notice of related proceedings and records in cases before the same court." MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985).

[3] La.C.Cr.P. art. 654 provides:

> When a verdict of not guilty by reason of insanity is returned in a capital case, the court shall commit the defendant to a proper state mental institution or to a private mental institution approved by the court for custody, care, and treatment.
> When a defendant is found not guilty by reason of insanity in any other felony case, the court shall remand him to the parish jail or to a private mental institution approved by the court and shall promptly hold a contradictory hearing at which the defendant shall have the burden of proof, to determine whether the defendant can be discharged or can be released on probation, without danger to others or to himself. If the court determines that the defendant cannot be released without danger to others or to himself, it shall order him committed to a proper state mental institution or to a private mental institution approved by the court for custody, care, and treatment. If the court determines that the defendant can be discharged or released on probation without danger to others or himself, the court shall either order his discharge, or order his release on probation subject to specified conditions for a fixed or indeterminate period. The court shall assign written findings of fact and conclusions of law; however, the assignment of reasons shall not delay the implementation of judgment.

Escape No More & I'm Not Trying To Be A Threat To Security. The Pills The Nurses Give Me I Am Always Swallowing. And Yet, They Will Not Let Me Go On Recreation Outings. My Daddy, A Construction Tycoon Is Buried In New Orleans. I Was Not Allowed To Go To His Funeral. My Mother Gets A Check Once A Month & Has Bills To Pay & Utilities To Pay & Lives In Covington. I Want Recreation Outings, To Go To Gabriel House 3 & To Go Home In Covington & Work At My Sister's Company, Southland Plumbing Supply. I Work Hard In The Paint Shop, I Want To Leave Jackson For Good.

In his prayer for relief, he states: "Change of Venue; Group Home, Or Shotgun Double In New Orleans, Discharge, No Probation, No Stipulations."

## Standards of Review

With respect to civil actions filed *in forma pauperis*, such as the instant lawsuit, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), cert. denied, 128 S. Ct. 1230 and 1231 (2008). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing the complaint,[4] the Court nevertheless finds that, for the following reasons, plaintiff's federal civil rights claims must be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

### *Habeas Corpus* Relief

As previously noted, perhaps due to his previous unsuccessful *habeas corpus* petitions, plaintiff has now sought relief by filing the instant federal civil rights complaint pursuant to 42 U.S.C. § 1983. However, the relief he is seeking, i.e. release from his continued confinement, is by

---

[4] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

its very nature *habeas* relief which cannot be granted in a § 1983 action. Rather, plaintiff's "sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994). Accordingly, plaintiff should seek such relief by filing a proper and timely federal *habeas corpus* petition ***after*** first exhausting his state court remedies.

Other Forms of Relief

Out of an abundance of caution, the Court notes that, to the extent that plaintiff's complaint may be construed as seeking any other forms of relief, his claims must still be dismissed because the sole defendants, the "St. Bernard Parish Court" and Judge Kirk A. Vaughn, are both improperly named.

Any claim against the state court is improper because the court is not a juridical entity capable of being sued under 42 U.S.C. § 1983. Moity v. Louisiana State Bar Association, 414 F. Supp. 180, 182 (E.D. La.) ("state courts are not considered 'persons' within the meaning of § 1983"), aff'd, 537 F.2d 1141 (5th Cir. 1976); Schwertz v. Garner, Civ. Action No. 09-018, 2009 WL 348556, at *2 (E.D. La. Feb. 9, 2009); Wilkerson v. 17th Judicial Dist. Court, Parish of Lafourche, Civ. Action No. 08-1196, 2009 WL 249737, at *3 (E.D. La. Jan. 30, 2009).

Any claim against Judge Vaughn for monetary damages is clearly barred. With respect to any such claim against him in his *individual* capacity, he is protected by his absolute judicial immunity. See Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871); see also Brandley v. Keeshan, 64 F.3d 196, 200 (5th Cir. 1995); Harper v. Merckle, 638 F.2d 848, 856 n.9 (5th Cir. 1981); Washington v. Louisiana, Civ. Action No. 09-3186, 2009 WL 2015556, at *5 (E.D. La. June

5

30, 2009); Wiggins v. Vondenstein, Civ. Action No. 06-10813, 2007 WL 203970, at *3 (E.D. La. Jan. 24, 2007). Further, any such claim brought against him in his *official* capacity fails for two reasons. First, a state official in his official capacity is not a "person" amenable to suit for damages under 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); see also Arizonans for Official English v. Arizona, 520 U.S. 43, 69 n.24 (1997); Washington, 2009 WL 2015556, at *5. Second, because an official-capacity claim against Judge Vaughn is in reality a claim against the state itself, any such claim is barred by the Eleventh Amendment. Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 188 (5th Cir. 1986); Doris v. Van Davis, Civ. Action No. 08-4138, 2009 WL 382653, at *2 (E.D. La. Feb. 12, 2009); see also Wallace v. Texas Tech University, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself.").

To the extent that plaintiff is seeking some type of injunctive relief against Judge Vaughn, such relief is not available. The Federal Courts Improvement Act of 1996, which amended 42 U.S.C. § 1983, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983; Doris, 2009 WL 382653, at *3 (E.D. La. Feb. 12, 2009); Wilkerson v. Lanier, Civ. Action No. 06-3044, 2006 WL 2135224, at *3 (E.D. La. July 27, 2006); see also Guerin v. Higgins, 8 Fed. App'x 31, 32 (2nd Cir. 2001); Nollet v. Justices of the Trial Court of the Commonwealth of Massachusetts, 83 F.Supp.2d 204, 210 (D. Mass.), aff'd, 248 F.3d 1127 (1st Cir. 2000).

Lastly, it is unnecessary to allow plaintiff an opportunity to amend the complaint to attempt to name a proper defendant. Even if a proper defendant were named, plaintiff's claims would be barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (footnote omitted). Because plaintiff's order of commitment remains outstanding, and because a finding by this Court in plaintiff's favor would necessarily imply the invalidity that order of commitment, Heck currently bars his claims. See Ruston v. Dallas County, Civ. Action No. 3:07-CV-1076, 2008 WL 958076, at *4 (N.D. Tex. Apr. 9, 2008), appeal dismissed, 320 Fed. App'x 262 (5th Cir. 2009); see also Huftile v. Miccio-Fonseca, 410 F.3d 1136 (9th Cir. 2005); Ring v. Appleton, 93 Fed. App'x 993 (7th Cir. 2004); Baptiste v. Montana, No. CV 06-122, 2006 WL 2860590, at *3 (D. Mont. Oct. 2, 2006).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims against the "St. Bernard Parish Court" and Judge Kirk A. Vaughn be **DISMISSED WITH PREJUDICE** as

frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

It is **FURTHER RECOMMENDED** that plaintiff's federal *habeas corpus* claims be **DISMISSED WITHOUT PREJUDICE** to their being reasserted in a proper and timely *habeas corpus* petition *__after__* plaintiff has exhausted his state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this thirtieth day of July, 2009.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**